On April 16, 2015, Defendant Myron Kelley prepared and submitted a Motion Nunc Pro Tunc. To the 204th Judicial District Court, Frank Crowley Courts Building, 133 N. Riverfront Blvd. 7th Floor /LB29 Dallas, Texas 75207-4399 82,432-04 Honorable Judge Lena Levario. Defendant prays that the Court enters a judgment. Concerning Ineffective Assistance of Counsel on trial Attorney Scottie Allen. Mr. Scottie Allen never addressed the issue of Ineffective Assistance of Counsel. From July 8, 2014 to current date.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 10 2015

Abel Acosta, Clerk

Re: Case No. PD-1070
COA # 05-09-01438-CR
TC # F06-72844-WQ
Writ No. W06-72844-Q(A)
WR-82,432-02
Writ No. W06-72844-Q(B)

Cause No. F06-72844-WQ

THE STATE OF TEXAS

VS.

Myron Kelley

204th Court
IN AND FOR
Dallas County, Texas

# DEFENDANT'S MOTION TO ENTER NUNC PROTUNC ORDER

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Myron Kelley, Realtor pro'se in the above styled and numbered cause of action and files this Motion Nunc Pro Tunc pursuant to Rule 23.1 of the Texas Rules Of Court, Volume I. And would show the Court the following.

## I.

Myron Kelley, TDCJ # 1622103 is an offender incarcerated in the Texas Department Of Criminal Justice and is appearing pro'se who can be located at the French M. Robertson Unit, 12071 F.M. 3522 Abilene, Texas 79601. Jones County

Defendant was convicted of the offense of Murder on the 17th day of November, 2009.

## II.

A judgment and sentence were entered in the above-entitled and numbered cause but did not reflect accurately the judgment and sentence that were rendered and pronounced in that. Defendant Myron Kelley received ineffective assistance of counsel from his trial counsel Scottie Allen. In defendant's first ground for relief on his Habeas Corpus (Article 11.07). Defendant claims that the assistance he received from his trial counsel was ineffective.

# III.

A defendant has a constitutional right to effective assistance of counsel both at trial and on appeal. Evitts v. Lucey 469 U.S. 387, 395-96 (1985); Hernandez v. State 726 S.W. 2d 53, 56-57 (Tex Crim App. 1986). Claims of ineffective assistance are analyzed under the standards set forth in Strickland v. Washington 466 U.S. 687, 694 (1984). Williams v. State 946 S.W. 2d 886, 904. An applicant claiming ineffective assistance must show the following: (1) Counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The court must then determine whether in light of all the circumstances the identified acts or omissions are outside the wide range of professionally competent assistance. The court should recognize that counsel is strongly presumed to render adequate assistance and make all significant decisions in the excercise of reasonable professional judgment. Defendant argues that his trial counsel was ineffective because he : (1) failed to present evidence of defendant's mental illness, (2) failed to contact potential witnesses for the defense including Yolanda Levi's, Etoy Mason, Almeta Seals, Agnes Bennett, Audrey Kelley, and Annette LeVine. (3) failed to object to Defendant being shackled during his trial. (4) failed to object, failed to present expert testimony about Defendant's mental illness and learning difficulty, and (5) failed to adequately prepare for trial. On the 8th day of July, 2014. The 204th Judicial District Court. Honorable Judge Lena Levario. Ordered Trial Counsel Scottie Allen to provide the Court with an affidavit addressing the issue of ineffective assistance from Trial Counsel Scottie Allen. Therefore confirming ineffective assistance of counsel (Defendant Myron Kelley is requesting a new trial or a new sentencing trial).

# IV.

When a lawyer sleeps through significant portions of trial this conduct results in the constructive denial of counsel. An unconscious counsel equates to no counsel at all for purposes of the Sixth Amendment rights to counsel in a criminal case. A defendant's Sixth Amendment rights are violated if the accused is denied counsel at a critical stage. Under Cronic and its progeny a defendant is denied counsel not only when his attorney is physically absent from the proceeding, but when he is mentally absent as well counsel is asleep, unconscious or otherwise actually non compos mentis. This prong of Cronic is epitomized by the "inert or potted plant lawyer who although physically and mentally present in courtroom fails to provide or is prevented from providing any meaningful assistance. In this situation, courts presume prejudice based upon the actual or constructive denial of counsel, when such absence threatens the overall fairness of a trial. Prejudice is presumed when during a critical stage of a trial, counsel is either (1) totally absent or (2) present but prevented from providing effective assistance. Prejudice is presumed under Cronic's constructive denial of counsel prong only when the defendant demonstrates that counsel was not merely incompetent but inert distinguishing shoddy representation, from no representation at all. (Defendant Myrah Kelley is requesting a new trial or a new sentencing trial. Due to the ineffectiveness, of his trial counsel, Scottie Allen).

# PRAYER

WHEREFORE, the defendant prays the court grant this Motion and enter a judgment and sentence nunc pro tunc as requested above.

Respectfully Submitted

Myron Kelley
Petitioner Pro Se

Printed name: Myron Kelley
TDCJ # 1622103
TDCJ Unit French M Robertson
Unit, 12071 F.M. 3522
Abilene, Texas 79601